UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **B&S EQUIPMENT CO., INC.,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1177** |
| **QUALITY FIRST CONSTRUCTION, LLC,**<br>    Defendant | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Defendant Quality First Construction, LLC d/b/a Quality First Marine ("QFM").[1] Plaintiff B&S Equipment Co., Inc. ("B&S") filed an opposition.[2]

## BACKGROUND

Plaintiff B&S originally filed an action captioned *B&S Equipment Co., Inc. v. North American Specialty Ins. Co., et al.* (hereinafter, the "First *B&S* Action"), in the Northern District of Florida on February 19, 2021.[3] In that case, B&S asserted claims against QFM for QFM's failure to pay all amounts invoiced by B&S pursuant to an agreement between the parties for B&S to provide equipment and vessels for a dredging project on navigable waters for the U.S. Army Corps of Engineers. B&S also asserted claims against a payment bond issued by North American Specialty Insurance Co. The First *B&S* Action was transferred to this Court with the parties' consent on July 20, 2021.[4]

On May 9, 2022, the parties advised the Court that they reached a settlement agreement and the Court issued an order of dismissal pursuant to Federal Rule of Civil

---

[1] R. Doc. 10 (24-1177).
[2] R. Doc. 15 (24-1177).
[3] R. Doc. 1 (21-1373).
[4] R. Doc. 17 (21-1373).

1

Procedure 41(a)(2) (the "May 2022 Order").[5] The May 2022 Order dismissed the First *B&S* Action "as to all parties, without costs and without prejudice to the right, upon good cause shown, within sixty days, to reopen the action if the settlement is not consummated."[6] After the 60-day period elapsed, "it became clear [] there was a fundamental disagreement as to the scope of the claims being settled."[7] Accordingly, B&S filed a motion to reopen the First *B&S* Action on July 7, 2023,[8] and QFM filed a motion to enforce the settlement agreement previously entered into by the parties on August 28, 2023.[9] On January 8, 2024, the Court issued a minute entry finding "it no longer has jurisdiction to enforce a settlement between the parties,"[10] and the parties withdrew their respective motions.[11]

On May 8, 2024, Plaintiff B&S filed the instant action captioned *B&S Equipment Co., Inc. v. Quality First Construction, LLC d/b/a Quality First Marine* (hereinafter, the "Second *B&S* Action"), in this Court.[12] QFM subsequently filed its Motion to Dismiss the Second *B&S* Action pursuant to Federal Rule of Civil Procedure 12(b)(6) under the doctrine of res judicata.[13]

## LEGAL STANDARD

Pursuant to Rule 12(b)(6), the trial court may only dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual

---

[5] R. Doc. 64 (21-1373).
[6] *Id.*
[7] R. Doc. 15 at p. 3 (24-1177).
[8] R. Doc. 65 (21-1373).
[9] R. Doc. 80 (21-1373).
[10] R. Doc. 107 at p. 1 (21-1373).
[11] R. Doc. 105 at p. 1 (21-1373) (granting QFM's request to withdraw its motion to enforce settlement); R. Doc. 107 at p. 2 (21-1373) (granting B&S's request to withdraw its motion to reopen the First *B&S* Action).
[12] R. Doc. 1 (24-1177).
[13] R. Doc. 10 (24-1177).

allegations in support of his claim that would entitle him to relief.[14] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] The Court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[17] Indeed, "threadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[18]

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[19] However, "legal conclusions can provide the framework of a complaint, [if] they [are] supported by factual allegations."[20] "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[21] "Although detailed factual allegations are not required," "[d]ismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[22]

---

[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[16] *Id.*
[17] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[18] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[19] *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).
[20] *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.
[21] *Iqbal*, 556 U.S. at 679.
[22] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (citations omitted).

3

## **LAW AND ANALYSIS**

In the instant Motion to Dismiss, Defendant QFM urges the Court to dismiss the Second *B&S* Action pursuant to Rule 12(b)(6) under the doctrine of res judicata.[23] "The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion."[24] Applicable to this case, "[c]laim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."[25] Four requirements must be met for a claim to be barred by res judicata:

> (1) [T]he parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.[26]

The parties do not dispute elements 1, 2, and 4 are satisfied—Plaintiff B&S concedes "the parties are identical," "the prior judgment was rendered by a court of competent jurisdiction," and "the cases involve the same cause of action."[27] Instead, B&S objects to the application of res judicata in this case, on the grounds that the Court's May 2022 Order was not "a final judgment on the merits," as required by the third res judicata element.[28]

In its Motion to Dismiss, Defendant QFM argues the Court's May 2022 Order should be narrowly construed as "a dismissal of the case with prejudice, but without prejudice [only] to the right upon a showing of good cause, within 60 days, to reopen the case," because "[w]hen a motion to set aside [a] dismissal is not filed within [the 60-day]

---

[23] R. Doc. 10 (24-1177).
[24] *Test Masters Educational Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).
[25] *Id.*
[26] *Id.*
[27] R. Doc. 15 at p. 4 (24-1177).
[28] *Id.*

4

timeframe, the order of dismissal operates as an adjudication on the merits and establishes [the] present defense of res judicata."[29] The Defendant has not provided any persuasive support for that argument.[30]

In opposition, Plaintiff B&S argues the Court's May 2022 Order dismissing the First *B&S* Action was issued pursuant to Rule 41(a)(2),[31] which governs voluntary dismissal "at the plaintiff's request only by court order."[32] Rule 41(a)(2) explicitly provides that "[u]nless the order states otherwise, a dismissal under [the rule] is *without prejudice*."[33] B&S contends the Defendant's Motion to Dismiss improperly urges the Court "to find that a dismissal without prejudice operates as an adjudication on the merits sufficient to have a res judicata effect," which contradicts the plain language of Rule 41(a)(2) providing "[a]n order [of voluntary dismissal] must specifically state that it is with prejudice to have such an effect."[34]

---

[29] R. Doc. 10-2 at p. 2 (24-1177).
[30] To support this proposition, the Defendant first cites an opinion of the Northern District of Georgia, *Henderson v. Consol. Merch. Corp.*, 286 F. Supp. 697 (N.D. Ga. 1968). R. Doc. 10-2 at p. 3 (24-1177). In that case, the *Henderson* court found res judicata barred a plaintiff's claims in a case that was dismissed with prejudice "for failure to comply with court orders," under Rule 41(b), which operates as an adjudication on the merits. *Compare Henderson*, 287 F. Supp. at 698 (discussing order dismissing prior related action with prejudice under Rule 41(b)), with R. Doc. 64 (21-1373) (dismissing the First *B&S* Action without prejudice under Rule 41(a)(2)). The Defendant also cites several opinions of other courts in the Eastern District of Louisiana, which also lend no support to its argument that the Court's May 2022 Order under Rule 41(a)(2) was a final judgment on the merits that precludes Plaintiff B&S from asserting its claims in a new action. *See* R. Doc. 10-2 at pp. 3-4 (24-1177). The Defendant cites *Harding v. Tidewater Marine, Inc.*, 95-2992, 1997 WL 335585 (E.D. La. June 17, 1997), which it represents supports the proposition that "[u]pon failing to timely invoke the Court's reserved power, the case is 'dismissed.'" R. Doc. 10-2 at p. 3 (24-1177). The *Harding* court found only that it was "without jurisdiction to enforce the settlement" upon the expiration of the 60-day period following the court's issuance of a 60-day order of dismissal. *Harding*, 1997 WL 335585, at *1. The Defendant next cites *Republic Fire and Cas. Ins. Co. v. Charles*, 17-5967, 2019 WL 5426269 (E.D. La. Oct. 23, 2019), which is likewise inapplicable to the instant Motion to Dismiss. *See* R. Doc. 10-2 at pp. 3-4 (24-1177). The *Republic Fire* court considered the merits of a Rule 60(b) motion to set aside a final judgment and reopen a case, not the res judicata effect of a 60-day order of dismissal without prejudice issued under Rule 41(a)(2). *Republic Fire*, 2019 WL 5426269.
[31] R. Doc. 15 at p. 4 (24-1177) (citing FED. R. CIV. P. 41(a)(2)).
[32] FED. R. CIV. P. 41(a)(2).
[33] *Id.* (emphasis added).
[34] R. Doc. 15 at p. 4 (24-1177).

The Court finds the May 2022 Order was not a final judgment on the merits and has no res judicata effect.

Accordingly;

## **CONCLUSION**

**IT IS ORDERED** that Defendant QFM's Motion to Dismiss is **DENIED**.[35]

**New Orleans, Louisiana, this 15th day of August, 2024.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[35] R. Doc. 10 (24-1177).